IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JADE GOOD,<br><br>　　　　　　　　Defendant. | 8:18CR49<br><br>**FINDINGS AND RECOMMENATION** |

　　　　This matter is before the Court on Defendant Jade Good's Motion to Suppress and Request for Franks Hearing. (Filing No. 28.) For the reasons explained below, the undersigned will recommend that the motion be denied.

**FACTS**

　　　　On January 21, 2018, officers from the Omaha Police Department ("OPD") executed a no-knock search warrant for room number 247, at the Comfort Inn, located at 2920 South 13th Court, in Omaha, Nebraska. Law enforcement found a firearm, cash, and approximately 500 grams of methamphetamine in the hotel room. (Ex. 1.)

　　　　The search warrant was obtained from the County Court of Douglas County, Nebraska based on the affidavit and application of OPD Officer Daryl Krause ("Officer Krause"). (Ex. 1.) The affidavit and application offered in support of the warrant was based on information received from a confidential informant ("CI") within 72 hours of the writing of the affidavit. The CI reported that the he/she had been in the same room as Defendant and had observed Defendant in possession of methamphetamine, a firearm, and U.S. currency. (*Id*.)

　　　　On April 30, 2018, Defendant filed the instant motion requesting that the Court suppress all evidence derived from execution of the search warrant. Defendant also requests a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) ("*Franks* hearing"). A hearing was held on

Defendant's Motion to Suppress and Request for Franks Hearing on May 30, 2018. A transcript of the proceedings has been filed. (Filing No. 44.) This matter is now ripe for disposition.

**DISCUSSION**

    1.    **Motion to Suppress**

The Fourth Amendment requires that search warrants be based on probable cause. An affidavit used to support issuance of a warrant "establishes probable cause if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the place to be searched." United States v. Cowling, 648 F.3d 690, 695 (8th Cir. 2011) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)). "A probable cause determination is based on the totality of the circumstances." Cowling, 648 F.3d at 695. "When information supplied by an informant forms the basis for probable cause in a warrant, the core question in assessing probable cause . . . is whether the information is reliable." United States v. Nieman, 520 F.3d 834, 839-40 (8th Cir. 2008) (internal quotation omitted). "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993).

Defendant argues that all evidence derived from the warrant be suppressed because the affidavit and application did not sufficiently set out the reliability of the CI and did not provide sufficient support for a determination of probable cause. Defendant maintains that law enforcement did not attempt to corroborate any information provided by the CI and simply took the CI at his/her word. Defendant points out that the CI did not provide any evidence to law enforcement to support his/her claims, and that law enforcement did not conduct any surveillance or other investigative work. According to Defendant, law enforcement did not even attempt to verify whether Defendant was a registered guest at the hotel. The undersigned is not persuaded by Defendant's arguments.

The affidavit stated that within 72 hours of the execution of the warrant, the CI spoke to Officer Krause and informed him that the CI saw Defendant in possession of a firearm, cash, and methamphetamine. (Ex. 1.) The CI told Officer Krause that he/she had observed Defendant with those items in room 247 of the Comfort Inn located at 2920 South 13th Court. (*Id*.) These first-hand observations lend considerable credibility to the CI's statements. *See Gates*, 462 U.S. at 234 ("[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case").

Moreover, a finding of probable cause is supported by the fact that Officer Krause was familiar with the CI. The affidavit indicated that the CI had worked with Officer Krause in other investigations, including those involving controlled buys, and that the CI had proven to be reliable and accurate. (Ex. 1.) The affidavit stated that the CI's past controlled buys had returned positive field tests, and had resulted in felony arrests of targets. (*Id*.) *See United States v. Formaro*, 152 F.3d 768, 770 (8th Cir. 1998) ("The reliability of a confidential informant can be established if the person has a history of providing law enforcement officials with truthful information"). Under the totality of the circumstances, the undersigned finds that the affidavit and application were sufficient to establish probable cause.

2. **Request for Franks Hearing**

Defendant contends a *Franks* violation occurred because Officer Krause omitted material facts from the affidavit and application. In particular, Defendant complains that Officer Krause did not disclose that the CI had a pending federal sentencing date and was released from pretrial detention in order to assist law enforcement.[1] The CI had another federal felony conviction that could have resulted in doubling his/her mandatory minimum for the offense for which he/she was awaiting sentencing. Thus, Defendant asserts that the fact that the CI had a pending sentencing date may have led the CI to feel pressured to provide information that could help the

---

[1] Defendant only has a suspicion as to the identity of the CI. The CI's identity has not been revealed.

3

CI at sentencing. Defendant further complains that Officer Krause did not disclose that the CI had a prior sexual relationship with Defendant.

In response to these arguments, the government contends that Officer Krause did not reveal more specific information regarding the CI in order to protect the CI's identity.

To obtain a *Franks* hearing based on alleged omissions of fact, Defendant must make a substantial preliminary showing that (1) law enforcement "omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading . . . and (2) that the affidavit, if supplemented by the omitted information would not have been sufficient to support a finding of probable cause." *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986). This "substantial preliminary showing" is "not lightly met." *United States v. Hiveley*, 61 F.3d 1358, 1360 (8th Cir. 1995). If the affidavit is sufficient to establish probable cause with the omitted material included, no evidentiary hearing is required. *Id*.

The undersigned finds that there has been no showing that officers omitted facts with the intent to make, or in reckless disregard of whether they made, the affidavit misleading. In addition, if the omitted information was included in the affidavit, there still would have been probable cause to issue the warrant. Therefore, a *Franks* hearing is not required.

The Court will also note that it is not necessary to reveal a confidential informant's pending charges to a judge who determines whether probable cause supports issuance of a warrant. *United States v. Hall*, 171 F.3d 1133, 1143 (8th Cir. 1999). The Eighth Circuit has concluded, "as a matter of law, that courts issuing search warrants are aware of the possibility that a confidential informant may be seeking leniency in his or her own situation." *Id*. Also, the fact that the CI had a criminal record and a prior sexual relationship with Defendant does not cause the affidavit to lack probable cause. It is certainly reasonable that this information was not provided in order to protect the identity of the CI. *See United States v. Claybron*, 716 Fed. Appx. 564, 567 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert Rossiter, Jr. that Defendant Jade Good's Motion to Suppress and Request for Franks Hearing ([Filing No. 28](#)) be denied.

Dated this 29th day of June, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.