IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:18CR49** |
| v. | |
| JADE GOOD, | **ORDER** |
| Defendant. | |

This matter is before the Court on the Findings and Recommendation (Filing No. 45) of the magistrate judge[1] recommending the Court deny defendant Jade Good's ("Good") Motion to Suppress and Request for *Franks* Hearing (Filing No. 28).[2] Good objects (Filing No. 56) to the Findings and Recommendation.

On January 21, 2017, Omaha Police Office Daryl Krause ("Officer Krause") applied for a search warrant covering a room in the Comfort Inn Hotel located at 2920 South 13th Court in Omaha, Nebraska. Officer Krause included an affidavit in his application stating it was based on a "reliable confidential informant" ("CI") who observed Good with methamphetamine and a firearm in the room within the past seventy-two hours. Officer Krause claimed the CI "is familiar with methamphetamine and is aware of how methamphetamine is packaged for sale" and, while acting under Officer Krause's supervision, "ha[d] made controlled buys which field and lab tested positive" and "provided information that has proven to be reliable and accurate which has led to narcotics related felony arrests." After executing the warrant, law enforcement discovered approximately 500 grams of methamphetamine and a firearm.

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

[2]*See Franks v. Delaware*, 438 U.S. 154 (1978).

Good claims there was insufficient probable cause to support the issuance of the search warrant because it was based solely on uncorroborated information from a confidential informant. Good argues a *Franks* hearing is necessary because she believes the CI to be an individual who was a defendant in a pending federal drug case and with whom she had a past sexual relationship, information which was not included in the affidavit.

After Good moved to suppress, the magistrate judge conducted a hearing and denied the motion. Pursuant to Good's objection, the Court conducted a de novo review of her Motion to Suppress and Request for *Franks* Hearing, the parties' briefs, the Findings and Recommendation, and the underlying evidence in this case. *See* 28 U.S.C. § 636(b)(1). Based on that review, the Court concludes Good's motion should be denied for the reasons stated in the magistrate judge's Findings and Recommendation. Accordingly,

IT IS ORDERED:

1.   Jade Good's Objection (Filing No. 56) is overruled.

2.   The magistrate judge's Findings and Recommendation (Filing No. 45) is accepted.

3.   Jade Good's Motion to Suppress and Request for *Franks* Hearing (Filing No. 28) is denied.

Dated this 23rd day of July, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge